```
            IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND


PATRICIA M. BENWAY                :
AND                               :
TIMOTHY J. BENWAY                 :
                                  :
Individually and on behalf of     :
a class of borrowers similarly    :   Civil No. WMN-05-3250
situated,                         :
                                  :
v.                                :
                                  :
RESOURCE REAL ESTATE              :
SERVICES, LLC f/k/a RESOURCE      :
TITLE, LLC, et al.                :
                                  :
```

**MEMORANDUM**

On October 25, 2005, Plaintiffs Patricia and Timothy Benway filed this class action suit in the Circuit Court for Baltimore County against Resource Real Estate Services, LLC (Resource), Access One Mortgage Group (Access One), and Clipper City Settlement Services, Inc. (Clipper City).  Plaintiffs set forth eight counts in the Complaint alleging that Defendants created a sham affiliated business entity and effectively overcharged Plaintiffs for the services performed.  The case was removed to this Court on December 2, 2005.

Now before the Court is Plaintiffs' motion for leave to file a First Amended Complaint.  Paper No. 53.  Plaintiff seeks to add Millard S. Rubenstein as a Defendant.  Rubenstein is allegedly the managing member of Resource, owning in excess of 90% of the corporation, and he is also the President of Defendant Clipper

City, owning 51% of the corporation.  Plaintiffs assert that during discovery, which at this time is limited to class certification, they learned of the involvement of Rubenstein in the activities complained of in the present action.  In the Amended Complaint, Plaintiff also adds Clipper City as a Defendant in Count VII (Aiding and Abetting Violations of Maryland's Finders Fee Act).

Under Federal Rule of Civil Procedure 15(a), leave to amend a complaint "shall be freely given when justice so requires."  The Fourth Circuit has stated that, "leave to amend a complaint should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile."  Edell & Assoc. v. Law Offices of Peter G. Angelos, 264 F.3d 424, 446 (4th Cir. 2001).

Defendants oppose the motion, arguing that amendment would be futile because the proposed Amended Complaint fails to adequately state a claim against Rubenstein.  Defendant argues that Plaintiffs failed to meet the requisite heightened pleading standards with respect to any of their eight causes of action against Rubenstein.  Plaintiff responds that the heightened pleading standard does not apply because the case involves Defendants' fraudulent concealment in the nature of an omission.  Specifically, Plaintiff argues that Defendants and Rubenstein

concealed the nature of the sham company from the Plaintiff. "Despite the general rule regarding specificity such particularity cannot be met in a concealment case . . . because an omission cannot be described in terms of the time, place and contents of the misrepresentation of the identity of the person making [it]." <u>Swedish Civil Aviation Admin. v. Project Mgmt. Enters., Inc.</u>, 190 F. Supp. 2d 785, 799 (D. Md. 2002) (internal quotations and citations omitted).  The heightened pleading requirements do not apply to Plaintiffs' allegations concerning omissions and the Court finds that these allegations are sufficiently pled.

Additionally, Defendants assert that Plaintiffs' Real Estate Settlement Procedures Act (RESPA) claim as against Rubenstein fails because he neither gave nor accepted payment from the settlement proceeds.  Plaintiff contends that the fee split violating § 8(b) of RESPA occurred when Clipper City[1] accepted payments and then channeled a portion back to Access One, Rubenstein, and to other participating entities.  Am. Compl. ¶¶ 4, 43.  Defendants argue that these allegations are based on Rubenstein's entitlement to profit distributions as a shareholder and majority owner of Clipper City, and as a member and owner of

---

[1] "Plaintiffs allege that Clipper City is a 'joint venture' or partnership in which both Resource Real Estate and Access One, and/or their respective principals, have an interest."  Am. Compl. ¶ 3.

3

Resource, and that the funds paid by the Benways were not accepted by Rubenstein in his individual capacity.  Rubenstein's recognition and use of Resource's money as "[his] money" (Rubenstein Dep. 164, 166) illustrate that Plaintiff has alleged that Rubenstein received a split fee.  Thus, the RESPA claim against him is not futile.

Defendants also contend that Plaintiffs' claims for fraud and negligent misrepresentation fail because Rubenstein did not make any alleged misrepresentations or fraudulent statements and none were made on his behalf.  Plaintiffs allegations concerning Rubenstein's authority over the companies and its employees, at this time, demonstrate that the claim has been made in good faith and is not futile.

Additionally, the Court finds that adding Clipper City to Count VII is not prejudicial, done in bad faith, or futile.

While the Court may be called upon to more fully address each of these arguments in responding to a dispositive motion, the Court finds that Plaintiffs' motion for leave to file first amended complaint should be granted.  A separate order consistent with this Memorandum will follow.

                                                  /s/

                                    William M. Nickerson
                                    Senior United States District Judge

Dated: August 9, 2006