IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

PATRICIA M. BENWAY             :
AND                            :
TIMOTHY J. BENWAY              :
                               :
Individually and on behalf of  :
a class of borrowers similarly :
situated                       :
                               :
v.                             :    Civil No. WMN-05-3250
                               :
RESOURCE REAL ESTATE SERVICES, :
LLC et al.                     :


**MEMORANDUM**

Before the Court is Plaintiffs' motion to direct notice and administrative schedule. Paper No. 80. The motion is now ripe. Upon review of the pleadings and the applicable case law, the Court has determined that no hearing is necessary, and that the motion will be granted, consistent with the conditions set forth in this memorandum.

**FACTS AND PROCEDURAL HISTORY**

Plaintiffs filed their original complaint in this class action suit on October 25, 2005. On October 16, 2006, this Court certified a class of plaintiffs asserting claims of civil conspiracy and violations of the Real Estate Settlement Procedures Act ("RESPA"). The class consists of: "All borrowers who entered into mortgage loan transactions using the services of Resource Real Estate where the HUD-1 Settlement Statement, or other documents in the loan file, included a charge for or

payment to Clipper City Settlement Services, Inc."  Paper No. 79.

On October 30, 2006, Plaintiffs filed the instant motion requesting the Court to direct notice of mailing to members of the above named class whose mortgage loan transaction occurred after October 25, 2002, three years prior to the filing of the initial complaint.  Plaintiffs argue that the allegation of civil conspiracy incorporates Maryland's general three-year statute of limitations for civil actions.  <u>See</u> Md. Code Ann., Cts. & Jud. Proc. § 5-101.  Defendants argue that RESPA's one-year limitations period governs both the RESPA and the civil conspiracy claim and, therefore, notice should only be provided to individuals who entered into mortgage loan transactions after October 25, 2004.  <u>See</u> 12 U.S.C. § 2614.  Additionally, Defendants object to the proposed requirement that they provide a social security number for each individual borrower.

**<u>DISCUSSION</u>**

<u>A. Transaction Period</u>

In Maryland, "[a] civil conspiracy is a combination of two or more persons by an agreement or understanding to accomplish an unlawful act or to use unlawful means to accomplish an act not in itself illegal, with the further requirement that the act or the means employed must result in damages to the plaintiff."  <u>Green v. Washington Suburban Sanitary Comm'n</u>, 269 A.2d 815, 824 (Md. 1970).  Maryland courts have consistently held that civil conspiracy "is not a separate tort capable of independently

sustaining an award of damages in the absence of other tortious injury to the plaintiff." Alexander v. Evander, 650 A.2d 260, 265 n.8 (Md. 1994); see also Alleco v. Harry & Jeanette Weinberg Found., 665 A.2d 1038, 1044-45 (Md. 1995) (holding that civil conspiracy in Maryland is not recognized as an independent tort). Consequently, where a statute of limitations precludes the cause of action serving as the predicate to a civil conspiracy, the conspiracy claim cannot stand. See McKelvey v. Marriott Corp.,488 F.Supp 345, 346-47 (D. Md. 1980) (dismissing a conspiracy claim predicated upon an act of defamation barred under a one-year statute of limitations and finding that allowing such a claim would effectively circumvent the limitations policy); Hafner v. Nat'l R.R. Passenger Corp., 2000 U.S. App. LEXIS 6179, at *3 (4th Cir. 2000) (upholding the dismissal of a civil conspiracy claim under Maryland law where the predicate claim under the Railway Labor Act was barred by a six-month statute of limitations).

Here, the civil conspiracy claim of the class is predicated upon the alleged violation of RESPA.  Only those class members whose transaction occurred within one year of the filing of the initial complaint are entitled to relief under RESPA.  A potential class member whose RESPA claim is barred under the one-year statute of limitations cannot maintain an independent civil conspiracy claim.  Thus, the proposed notice of class action should refer to potential class members whose transaction occurred on or after October 25, 2004.

B. Best Practicable Notice

Defendants object to the proposed requirement that they provide social security numbers for the potential class members, citing the confidential nature of the information.  Rule 23(c)(3) of the Federal Rules of Civil Procedure requires the Court to "direct to class members the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort."  Plaintiffs state generally that the social security numbers of the potential class members will help to ensure the delivery of the best practicable notice.  Plaintiffs have made no specific showing, however, that social security numbers are required to determine the whereabouts of the class members.  Considering the confidential nature of a social security number, absent some further showing of necessity by Plaintiffs, the Court will uphold Defendants' objection.

III.  CONCLUSION

For the above stated reasons, Plaintiffs' Motion to Direct Notice and Administrative Schedule, as amended by the Court, will be GRANTED.  Notice to the class shall be mailed in substantially the same form as provided in Exhibit A to Plaintiffs' motion, with the limitation that the relevant transaction date be changed from October 25, 2002 to October 25, 2004.  The dates for the administration of notice and for other matters in connection with this case will be set out in the attached order.  Finally, Defendants will not be required to disclose the social security numbers of the class members.  A separate order consistent with

4

the reasoning of this Memorandum will follow.

_____/s/_____
William M. Nickerson
Senior United States District Judge

Dated: January 16, 2007